Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Phone:  (213) 488-6555
Fax:      (213) 488-6554

Attorneys for PLAINTIFF, the CLASS, and CONSENTERS

(Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW McKINLEY, as an individual, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>**(1)  FAILURE TO PAY OVERTIME (FLSA, 29 U.S.C. § 201, *ET SEQ.*);**<br><br>**(2)  VIOLATION OF CAL. LABOR CODE §§ 510 AND 1194;**<br><br>**(3)  VIOLATION OF CAL. LABOR CODE § 226;**<br><br>**(4)  VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*; AND**<br><br>**(5)  VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***<br><br>**<u>JURY TRIAL DEMANDED</u>**<br><br>**<u>COLLECTIVE AND CLASS ACTION</u>** |

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Phone:  (213) 488-6555
Fax:     (213) 488-6554

Edward W. Choi, Esq. SBN 211334
edward.choi@calaw.biz
**LAW OFFICES OF CHOI & ASSOCIATES, P.C.**
3435 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90010-2006
Telephone: (213) 381-1515
Facsimile: (213) 233-4409

Attorneys for PLAINTIFF, the CLASS, and CONSENTERS

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

## COMPLAINT

Plaintiff Matthew McKinley, on behalf of himself and all others similarly situated (collectively, "Plaintiff") complains against Defendant Southwest Airlines Co. ("Southwest," or the "Company") and Does 1 through 10 (collectively, "Defendants") and demands a jury trial of all issues and claims asserted herein as follows:

### NATURE OF THE ACTION

1.     Defendant operates an international airline, which is headquartered in Dallas, Texas.  Defendant employs individuals throughout the State of California and nationwide, including numerous non-exempt employees.

2.     Plaintiff is informed and believes, and based thereon alleges that Defendant's policy and practice in the State of California and nationwide is to incorrectly calculate the regular rate of pay used to pay overtime to all non-exempt employees by failing to include all remuneration earned by the employees, including non-discretionary awards and/or bonuses and shift differential pay. Thus, Defendant owes Plaintiff and Class Members additional overtime pay based on the correct, higher regular rate of pay.

3.     Defendant's deliberate failure to pay Plaintiff and Class Members overtime based on the correct regular rate of pay violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., (the "FLSA") and the laws of the states of California, including California Labor Code §§ 510 and 1194.

4.     Plaintiff brings a nationwide collective action claim under § 216(b) of the FLSA against Defendant for unpaid overtime wages and related damages on behalf of himself and all other similarly situated individuals who also were not paid overtime at the correct regular rate of pay.

5.     Plaintiff also brings a California statewide class action pursuant to FRCP 23 arising from Defendant's violations of the laws of the State of California,

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

including without limitation, Labor Code §§ 226, 510, and 1194, as well as California Business & Professions Code § 17200, *et seq.*

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and Section 16(b) of the FLSA.

7.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendants' obligations and liability arise, in part, in this District, some of the Defendants' facilities and/or offices are located in this District and the named Plaintiffs performed work in this District.

8.     Independently, this Court has original jurisdiction for all state law claims asserted under California law pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in those claims will exceed $5,000,000 and the parties to this action are residents of different states.

9.     The United States District Court for the Central District of California has personal jurisdiction because Defendant conducts business within this District.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business and can be found in the District, and the causes of action set forth herein have arisen and occurred in part in the District.  Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of California.

## PARTIES

11.     Plaintiff, Class Members, and all collective action members who opt-in to this lawsuit ("Consenters") were and/or are employed by Defendant as non-exempt, hourly employees in the State of California and throughout the United States.  At all pertinent times alleged herein, Plaintiff was and is a competent adult resident of the State of California.  Plaintiff was employed by Defendant in the

State of California and his last hourly rate of pay was $10.28.  On or about February 4, 2015, Plaintiff's employment with Defendant ended.

12.     Defendant is a Texas corporation with its headquarters located in Dallas, Texas.  Defendant is, and at all relevant times was, the employer of all Plaintiffs, Class Members, and Consenters.  Defendant does business in this judicial district and nationwide.

13.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff, Class Members, and Consenters to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15.     Plaintiff is informed and believes, and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining

Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

18.     As Defendant's non-exempt employees, Plaintiff, Class Members and Consenters were and are entitled to overtime pay at a rate of no less than one and one-half times their regular rate of pay for any work in excess of 40 hours in a workweek and/or 8 hours in a day.

19.     During the relevant time period, Plaintiff, Class Members and Consenters, during certain weeks, worked in excess of 8 hours in a day and/or 40 hours per workweek (7-day work period).  As such, Plaintiff, Class Members and Consenters were entitled to overtime pay.

20.     Also, during the relevant time period, Defendant failed to properly calculate the correct regular rate of pay for purposes of paying overtime. Specifically, Defendant did not calculate and/or factor all remuneration earned by Plaintiff, Class Members, and Consenters in their regular rate of pay, including

non-discretionary incentive pay and shift differential pay into the regular rate of pay for purposes of calculating overtime pay. As such, Defendant owes Plaintiff, Class Members, and Consenters additional overtime pay based on a calculation using the correct, higher regular rate of pay.

21. As a proximate result of Defendant's wrongful acts, Plaintiff, Class Members, and Consenters have suffered damages, including without limitation, unpaid overtime and/or lost wages. Further, because Defendant has willfully failed to pay overtime at the correct regular rate of pay, Plaintiff and Consenters are entitled to liquidated damages under the FLSA. Further, Plaintiff, Class Members, and Consenters are also entitled to their attorneys' fees and costs pursuant to the FLSA and California Labor Code Sections 218.5, 510, 1194, and 2699.

## COLLECTIVE ACTION ALLEGATIONS

22. **Collective Action Definition.** Plaintiff brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of the following Class of persons (hereinafter the "FLSA Class"):

>    a. All current and former non-exempt employees of Defendant who worked at any time during the period of time from February 18, 2012, through the present, who received overtime pay and shift-differential pay and/or non-discretionary incentive pay.

23. The FLSA Class Period is defined as the period from three years prior to the filing of this Complaint to the time of trial.

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. The named Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's

policy and practice of failing to pay Plaintiff and Consenters overtime based on the correct regular rate of pay.

26.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential collective action members may easily and quickly be notified of the pendency of this action.

27.     **Similarly Situated and Subject to Uniform Policy.**  The claims alleged herein can be brought and maintained as an FLSA collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are similar to the collective action members.  Plaintiff and the collective action members are similarly situated in that they were subjected to Defendant's uniform, common practice, policy, and/or plan of failing to include all remuneration in the calculation of the regular rate of pay for purposes of paying overtime, including shift differential and/or non-discretionary incentive pay. Therefore, Plaintiff and collective action members are owed unpaid overtime arising from Defendant's failure to properly calculate the regular rate of pay.

28.     **No Disparate Factual and Employment Settings.**  Here, there are no disparate factual and employment settings because Plaintiff and all collective action members were subjected to the same, identical pay policy and practice. Moreover, liability can be established by relying on documentary and electronic information and evidence, which will show the amounts of overtime worked, all remuneration paid, and what the proper regular rate of pay should have been, but was not paid to Plaintiff and collective action members.

29.     **No Defenses Available to Defendants.**  Plaintiff is not aware of any defenses available to Defendant – much less disparate defenses – which can defeat the alleged meritorious claims.  As alleged herein, Defendant has no justification

for its failure and refusal to pay full overtime compensation to Plaintiff and Consenters based on the correct regular rate of pay.

30. **Fairness and Procedural Considerations.** A collective action is far superior to individual actions, given that Plaintiff is informed and believes and thereon alleges that there are approximately thousands of collective action members. As such, fairness and procedural considerations weigh heavily in favor of a collective action.

31. **Adequacy of Representation.** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the collective action class defined above. Plaintiff's attorneys are ready, willing and able to fully, adequately, and competently represent the collective action members and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

32. **Notice to Collective Action Members.** The names and addresses of potential collective action members are available from Defendant's payroll records. Notice should be provided to the potential collection action members via first class mail, email and postings in the facilities in which these members worked as soon as possible.

## CLASS ACTION ALLEGATIONS

33. **California Class Definition**: The California Named Plaintiff brings Counts II-IV as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

    a. All current and former non-exempt employees of Defendant who worked at any time during the period of time from February 18, 2011, through the present, who received overtime pay and shift-differential pay

and/or non-discretionary incentive pay ("CALIFORNIA REGULAR RATE CLASS"); and

b.    All current and former non-exempt employees of Defendant who worked at any time during the period of time from February 18, 2014, through the present, who received overtime pay and shift-differential pay and/or non-discretionary incentive pay ("CALIFORNIA WAGE STATEMENT SUB-CLASS").

34.    The Class Period is defined as the period from four years prior to the filing of this Complaint to the time of trial for the CALIFORNIA REGULAR RATE CLASS and from one year prior to the filing of this Complaint to the time of trial for the CALIFORNIA WAGE STATEMENT SUB-CLASS.

35.    The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Class.

36.    **Numerosity and Ascertainability**:  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records.  Plaintiff is informed and believes, and based thereon alleges, that Defendant:  (a) failed to provide proper payroll records in violation of Labor Code § 226; (b) failed to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including shift differential pay and non-discretionary incentive pay; (c) failed to pay overtime based on the correct rate of pay; and (d) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation, California Labor Code §§ 226, 510, and 1194, and the applicable IWC Wage Orders.

37.    **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the

class defined above.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California and federal courts.

38.    **Common Question of Law and Fact**:  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant:  (a) failing to provide proper payroll records in violation of Labor Code § 226 for Plaintiff and the Class; (b) failing to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including shift differential pay and non-discretionary incentive pay; (c) failing to pay overtime based on the correct rate of pay in violation of Labor Code §§ 510 and 1194; and (d) engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

39.    **Typicality**:  Plaintiff's claims are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members.  Plaintiff was not provided proper and accurate payroll records identifying his correct rate of pay because Defendant did not correctly calculate his rate of pay.  Defendant did not calculate and/or factor all remuneration into Plaintiff's regular of pay, including shift differential and non-discretionary incentive pay into Plaintiff's regular rate of pay for purposes of calculating overtime pay, and as such, owes Plaintiff additional overtime pay.  Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226, 510, and 1194, and the applicable IWC Wage Orders.

40.    The California Labor Code and upon which Plaintiff bases his claims is broadly remedial in nature.  These laws and labor standards serve an important

1    public interest in establishing minimum working conditions and standards in

2    California.  These laws and labor standards protect the average working employee

3    from exploitation by employers who may seek to take advantage of superior

4    economic and bargaining power in setting onerous terms and conditions of

5    employment.

6         41.   **Superiority:**  The nature of this action and the format of laws

7    available to Plaintiff and members of the Class identified herein make the class

8    action format a particularly efficient and appropriate procedure to redress the

9    wrongs alleged herein.  If each employee were required to file an individual

10   lawsuit, the corporate Defendant would necessarily gain an unconscionable

11   advantage since it would be able to exploit and overwhelm the limited resources of

12   each individual Plaintiff with their vastly superior financial and legal resources.

13   Requiring each Class member to pursue an individual remedy would also

14   discourage the assertion of lawful claims by employees who would be disinclined

15   to file an action against their former and/or current employer for real and justifiable

16   fear of retaliation and permanent damage to their careers at subsequent

17   employment.

18        42.   The prosecution of separate actions by the individual Class Members,

19   even if possible, would create a substantial risk of (a) inconsistent or varying

20   adjudications with respect to individual Class Members against the Defendant and

21   which would establish potentially incompatible standards of conduct for the

22   Defendant, and/or (b) adjudications with respect to individual Class Members

23   which would, as a practical matter, be dispositive of the interest of the other Class

24   Members not parties to the adjudications or which would substantially impair or

25   impede the ability of the Class Members to protect their interests.  Further, the

26   claims of the individual members of the Class are not sufficiently large to warrant

27

28

vigorous individual prosecution considering all of the concomitant costs and expenses.

43.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid overtime, unpaid reimbursements, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 510, and 1194, and the applicable IWC Wage Orders.

44.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

45.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant.  The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## COUNTS FOR RELIEF

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (FLSA, 29 U.S.C. § 201, *ET SEQ.*) (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE FLSA CLASS CONSENTERS)

46.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set for herein.

47.     As employees, Plaintiff and Consenters have been, and are, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.  Defendant is subject to the requirements of the FLSA because it is an

enterprise engaged in interstate commerce and its employees are engaged in commerce. *Id.*

48.   The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for any work performed in excess of 40 hours in a workweek.

49.   The FLSA also requires each covered employer, including Defendant, to calculate and/or factor all remuneration into the regular rate of pay, including shift differential pay and non-discretionary incentive pay, for purposes of calculating overtime pay.

50.   Plaintiff and Consenters were classified as non-exempt and, therefore, were entitled to overtime pay for any work in excess of 40 hours in a workweek. As alleged above, Plaintiff and Consenters worked in excess of 40 hours in a workweek and, thus, should have received full overtime pay as to which they were entitled.

51.   Plaintiff and Consenters also earned shift differential pay and non-discretionary incentive pay.  Defendant, as a practice and policy, did not calculate and/or factor such non-discretionary pay into Plaintiff and Consenters' regular rate of pay for purposes of calculating revised and increased overtime pay and, as such, owes Plaintiff and Consenters additional overtime pay.

52.   By failing to compensate Plaintiff and collective action members at a rate of not less than one and one-half times their regular rate of pay (which should have factored in all non-discretionary bonuses) for work performed in excess of 40 hours in a workweek, Defendant violated, and continues to violate, the FLSA, 29 U.S.C. Section 201, *et seq.*, including without limitation, 29 U.S.C. Section 207(a)(1) and (e).

53.     The foregoing conduct or omissions constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a), as Defendant knowingly failed to pay the full overtime owed.  As such, Plaintiff, on behalf of himself and all collective action members, seeks liquidated damages, in addition to compensatory damages, interest, attorneys' fees, costs, and all such other legal and equitable relief as the Court deems just and proper.  *See* 29 U.S.C. § 216(b).

54.     WHEREFORE, the Plaintiff, on behalf of himself and all members of the FLSA Class, prays for relief as follows:

a.     Designation of this action as a collective action on behalf of the members of the FLSA Class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b.     A declaration that Defendant is financially responsible for notifying all FLSA Class Members of their alleged violations;

c.     Designation of Diversity Law Group P.C., Hyun Legal, APC and Law Offices of Choi & Associates, P.C., as the attorneys representing Plaintiff and the collective action members;

d.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq*.;

e.     An award of damages for compensation due to the FLSA Plaintiff and members of the FLSA Class, including liquidated damages, to be paid by Defendants;

f.     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.      Pre-Judgment and post-Judgment interest, as provided by law; and

h.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 510 AND 1194

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CALIFORNIA REGULAR RATE CLASS)

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set for herein.

56.     At all relevant times, Defendant was required to compensate its employees proper overtime wages for overtime hours worked pursuant to Califoria Labor Code §§ 510 and 1194.  Plaintiff and the Class were and are employed by Defendant as non-exempt employees and, thus, Plaintiff and the Class are entitled to overtime wages.  During their employment with Defendant, Plaintiff and the Class worked overtime hours.  Specifically, Plaintiff and the Class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay.  During their employment with Defendant, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned shift differential pay and non-discretionary incentive pay.  Defendant, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiff and the Class additional overtime pay.

57.     Plaintiff is informed and believes and based thereon alleges that Defendant's policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times

herein mentioned was in violation of California Labor Code §§ 510 and 1194 and the IWC Wage Order(s).  Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff the Class for overtime compensation earned as required by California law.

58.   The conduct of Defendant and its agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

59.   Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all overtime wages due and owing Defendant's employees upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

60.   Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510 and 1194.

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 226

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CALIFORNIA WAGE STATEMENT SUB-CLASS)

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

61.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 of this Complaint as though fully set for herein.

62.   Defendant failed in its affirmative obligation to provide accurate itemized wage statements.  Here, Plaintiff and the Class were paid on an hourly basis.  As such, the wage statements should have reflected the number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(3).  However, as a result of Defendant's failure to properly calculate the overtime rate of pay, the wage statements provided to Plaintiff and the Class failed to accurately identify such information, including the number of hours worked and the correct applicable hourly rates.

63.   Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages of penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CALIFORNIA REGULAR RATE CLASS AND THE CALIFORNIA WAGE STATEMENT SUB-CLASS)

64.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 of this Complaint as though fully set for herein.

65.   Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by:  (a) failing to provide proper payroll records in violation of Labor Code § 226 for

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff and the Class; (b) failing to correctly calculate the regular rate of pay by not including all remuneration into the regular rate of pay for Plaintiff and Class Members, including without limitation, shift differential pay and non-discretionary incentive pay; (c) failing to pay overtime based on the correct rate of pay in violation of Labor Code §§ 510 and 1194; and (d) engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

66.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

67.     Plaintiff seeks, on his own behalf and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

68.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

## PRAYER FOR RELIEF REGARDING STATE LAW CLAIMS

WHEREFORE, the Plaintiff, on behalf of himself and all members of the California state law class which he seeks to represent, pray for relief as follows:

A.      An order that the action be certified as a class action pursuant to Federal Rule of Civil Procedure 23;

B.      An order that the Plaintiff be appointed class representative of the state law classes which he seeks to represent;

C.      An order that counsel for the Plaintiff be appointed class counsel for the California state law class; and

D.      For all recoveries available under the state laws of California, including without limitation, all unpaid wages, damages, penalties, restitution, equitable relief, applicable interest, costs, and attorneys' fees as provided for by law, including as set forth in California Labor Code §§ 203, 218.5, 226, 510, 558, 1194, and 2698, *et seq.*, California Business & Professions Code § 17200, *et seq.*, and California Code of Civil Procedure § 1021.5.

Dated:  February 18, 2015                    DIVERSITY LAW GROUP, P.C.


By:_____/s/ Larry W. Lee_____
                    Larry W. Lee
          Attorneys for PLAINTIFF, the CLASS and
          CONSENTERS

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff, for himself and all class and collective action members, hereby demands a jury trial as provided by federal laws, rules, and statutes, including without limitation, Rules 38, 39, and 81(c)(3) of the Federal Rules of Civil Procedure, and the Seventh Amendment of the U.S. Constitution.

Dated:  February 18, 2015                    DIVERSITY LAW GROUP, P.C.

                                             By:_____/s/ Larry W. Lee_____
                                                      Larry W. Lee
                                             Attorneys for PLAINTIFF, the CLASS, and
                                             CONSENTERS

PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES